IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 08C12 |
| | ) | |
| vs. | ) | |
| | ) | Judge Dow |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO COMPLAINT**

NOW COMES Defendant **EQUIFAX INFORMATION SERVICES, LLC** ("Equifax"), by its attorneys POLSINELLI SHALTON FLANIGAN SUELTHAUS PC and KING & SPALDING LLP, and answering Plaintiff's Complaint, states as follows:

**ANSWER**

**I. Preliminary Statement**

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended*.

**RESPONSE:** Equifax admits that Plaintiff brings this action for purported damages and alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 USC §1681, *et seq.,* all of which Equifax denies any liability.

**II. Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**RESPONSE:** To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

### III. Parties

3.  Plaintiff, Mark Bowen, is an adult individual and citizen of the State of Illinois.

**RESPONSE:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendant Equifax Information Services, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**RESPONSE:** Equifax admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

### IV. Factual Allegations

5.  Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**RESPONSE:** Equifax denies the allegations contained in the Paragraph 5 of Plaintiff's Complaint.

6.  The inaccurate information of which Plaintiff complains is an account, or tradeline, reporting Plaintiff as deceased. Despite providing Defendant with notice to the contrary, Defendant has disseminated credit reports and/or information that the account is accurately reported.

**RESPONSE:** Equifax denies that it has disseminated any inaccurate information pertaining to Plaintiff.

7.  The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**RESPONSE:**       Equifax denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.   In August of 2006, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information and just two days after providing a response to Plaintiff, he received notice Defendant was reporting him as deceased.

**RESPONSE:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.   Notwithstanding Plaintiff's efforts, Defendant continues publishing the inaccurate information to other third parties, persons, entities and credit grantors.

**RESPONSE:**       Equifax denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.   Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently continued to report Plaintiff as deceased.

**RESPONSE:**       Equifax denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.   Denial of credit by GE Consumer Finance on November 24, 2007;

    b.   Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d.   Decreased credit score which may result in inability to obtain credit on future attempts.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of defendant herein.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT ONE
## VIOLATIONS OF THE FCRA v. EQUIFAX INFORMATION SERVICES LLC

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** In response to Paragraph 15 of Plaintiff's Complaint, Equifax restates and incorporates its responses to the foregoing paragraphs as though fully set forth herein.

16. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as that term defined by 15 U.S.C. §1681a(b) and (f).

**RESPONSE:** Equifax admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**RESPONSE:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**RESPONSE:**          Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.   Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)   willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a); and

(b)   willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

**RESPONSE:**          Equifax denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such other relief, as may be permitted by law.

**RESPONSE:**          Equifax denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## V.   JURY TRIAL DEMAND

21.   Plaintiff demands trial by jury on all issues so triable.

**RESPONSE:** Equifax admits that Plaintiff demands trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK BOWEN, seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a)   Actual damages;
(b)   Statutory damages;
(c)   Punitive damages;
(d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o.

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other relief as may be necessary, just and proper.

**RESPONSE:** Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## FOURTH DEFENSE

The Complaint is barred by Plaintiff's failure to mitigate his damages, if any.

**FIFTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**SIXTH DEFENSE**

The Complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

**SEVENTH DEFENSE**

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**EIGHTH DEFENSE**

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

**NINTH DEFENSE**

Equifax asserts that some or all of plaintiff's claims may be pre-empted by section 1681h(e) of the FCRA.

**TENTH DEFENSE**

Equifax asserts that some or all of plaintiff's claims are barred by qualified immunity.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

**TWELFTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: <u>BMW v. Gore</u>, 517 U.S. 559 (1996); <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 923 (2001) and <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003).

**THIRTEENTH DEFENSE**

Plaintiff's damages, if any, are caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

WHEREFORE, Equifax requests that this action be dismissed and that Equifax be awarded its costs and attorneys fees.

                                      Respectfully submitted,
                                      EQUIFAX INFORMATION SERVICES LLC

                                      By:    s/ Carina M. Segalini
                                                One of their Attorneys

Stephanie D. Cope
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
(404) 572-4600
Fax: (404) 572-5100
scope@kslaw.com
*Lead Counsel for Equifax Information Services, LLC*

John J. Curry, Jr.
Carina M. Segalini
POLSINELLI SHALTON FLANIGAN SUELTHAUS PC
180 N. Stetson Avenue, Suite 4525
Chicago, Illinois 60601
(312) 819-1900
*Local Counsel for Equifax Information Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that the foregoing **DEFENDANT EQUIFAX INFROMATION SYSTMES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was served upon the following named parties or counsel of record:

Larry P. Smith, Esq.
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028
Facsimile (312) 602-3911
Attorneys for Plaintiffs

by the Court's CM/ECF system on this 3rd day of March, 2008.


                                                                   s/ Carina M. Segalini
                                                                   CARINA M. SEGALINI


Stephanie D. Cope
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
(404) 572-4600
Fax:  (404) 572-5100
scope@kslaw.com
*Lead Counsel for Equifax Information Services, LLC*

John J. Curry, Jr.
Carina M. Segalini
POLSINELLI SHALTON FLANIGAN SUELTHAUS PC
180 N. Stetson Avenue, Suite 4525
Chicago, Illinois 60601
(312) 819-1900
*Local Counsel for Equifax Information Services, LLC*

4864022

US1900 9157392.1